IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:24-CV-177-FL

| | |
|---|---|
| TONYA LEWIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BERNARD TYRON REED, JR.; HALLY )<br>EXPRESS INC.; LIPSEY LOGISTICS )<br>WORLDWIDE, LLC; FEDEX )<br>CORPORATION; FEDERAL EXPRESS )<br>CORPORATION f/k/a FedEx Ground )<br>Package Systems, Inc.[1]; FEDEX GROUND )<br>PACKAGE SYSTEM, INC.; and M. )<br>BRYAN KING, as Administrator of the )<br>Estate of Kenee Dabreo, )<br>)<br>Defendants | ORDER |

This matter is before the court upon defendant Lipsey Logistics Worldwide, LLC's ("Lipsey's") motion for limited jurisdictional discovery (DE 45) filed January 30, 2025. No party responded to the instant motion, and the time to do so has passed. Accordingly, the issues raised are ripe for decision. Also pending are plaintiff's motion to remand (DE 33) and motions to dismiss for failure to state a claim filed by defendants Lipsey (DE 14) and FedEx Corporation and Federal Express Corporation f/k/a FedEx Ground Package Systems, Inc. (DE 35).

Plaintiff, a citizen of New York, initiated this personal injury and wrongful death action December 5, 2024, with complaint filed in the Superior Court of Wake County, North Carolina.

---

[1] The court constructively amends the case caption to correct misnomer in defendant's corporate name. (See DE 35 at 1 n.1).

(See DE 13-1). Defendants FedEx Corporation, Federal Express Corporation f/k/a FedEx Ground Package Systems, Inc., FedEx Ground Package Systems, Inc., (collectively "FedEx"), and Lipsey filed notice of removal in this court December 10, 2024, with improperly attached exhibits. (DE 1). Upon notification of this deficiency, defendants FedEx and Lipsey filed corrected notice of removal and exhibits December 16, 2024, (DE 13), asserting subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

Defendant Lipsey filed motion to dismiss December 17, 2024. Defendants Bernard Tyron Reed, Jr. ("Reed") and Hally Express, Inc. ("Hally") filed answer December 19, 2024.

Plaintiff moved to remand January 9, 2025, asserting a lack of complete diversity due to the alleged citizenship of the decedent, Kenee Dabreo ("Dabreo"). For the purposes of establishing diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen on of the same State as the decedent." 28 U.S.C. § 1332(c)(2). "[S]tate citizenship for the purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile." Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, 663 (4th Cir. 1998). Accordingly, the citizenship of defendant M. Bryan King, as the administrator of the Estate of Kenee Dabreo, deceased, ("King"), is dependent on the national citizenship and domicile of Dabreo. Plaintiff asserts Dabreo was a citizen of New York at the time of his death.[2] Defendants FedEx and Lipsey each filed opposition to the motion to remand January 30, 2025. (DE 43, 44). They assert Dabreo was a citizen of Saint Vincent and the Grenadines.[3]

---

[2] Plaintiff also asserts defendant King did not consent to removal as required by 28 U.S.C. § 1446(b)(2)(A).

[3] Defendants also assert that defendant King's consent was not needed because at the time of removal, he had not been properly served.

After extension of time, defendant FedEx moved to dismiss for failure to state a claim January 17, 2025. Upon motions by plaintiffs, on January 29, 2025, the court stayed temporarily the response deadline to the motions to dismiss, pending resolution of the motion to remand.

Defendant Lipsey filed the instant motion for limited jurisdictional discovery January 30, 2025, to determine Dabreo's citizenship before the court rules on the motion to remand. Defendant Lipsey supports this motion with screenshots of a short article describing Dabreo as a Vincentian who "had been in the United States for just over a year" at the time of his death (DE 45-2 at 2), and a social media post indicating he was buried in St. Vincent (id. at 4). Lipsey also filed proposed interrogatories, request for production., and request for admission regarding the citizenship and domicile of Dabreo. (DE 45-3). Defendants Reed, Hally, and FedEx do not object to the instant motion, and no party responded.

Good cause having been shown and for the reasons stated in supporting memorandum of law (DE 46), the motion for limited jurisdictional discovery (DE 45) is GRANTED. Defendant Lipsey shall have seven days from entry of this order to serve upon plaintiff discovery requests not exceeding those proposed at DE 45-3. Plaintiff shall respond within 30 days of the date of service of such requests. Defendant Lipsey is DIRECTED to file within 14 days of receipt of plaintiff's responses supplement to its opposition to plaintiff's motion to remand (DE 43) or status report indicating that no such supplement is forthcoming. Plaintiff shall have 14 days to reply to any supplement to opposition to motion to remand.

SO ORDERED, this the 20th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge